UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-23481-RNS

RODOLFO SILVA, and all others similarly
situated under 29 U.S.C. 216(b),

       Plaintiff,

v.

EAST RIDGE RETIREMENT VILLAGE, INC.,
and JEFFREY MERRITT,

       Defendants.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINITFF'S FIRST AMENDED COMPLAINT

Defendants, EAST RIDGE RETIREMENT VILLAGE, INC. ("East Ridge") and JEFFREY MERRITT ("Merritt") (collectively referred to as "Defendants") hereby file their Answer and Affirmative Defenses to the First Amended Complaint ("First Amended Complaint") filed by Plaintiff, RODOLFO SILVA ("Plaintiff"), and state as follows:

1. In response to Paragraph No. 1 of the First Amended Complaint, Defendants acknowledge that Plaintiff asserts a claim under the FLSA but deny, insofar as Paragraph No. 1 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff or that Plaintiff is entitled to any amount of damages from Defendants.

2. In response to Paragraph No. 2 of the First Amended Complaint, Defendants are without knowledge as to where Plaintiff resides.

3. In response to Paragraph No. 3 of the First Amended Complaint, Defendant East Ridge admits it is a Florida corporation which engages in business in Miami-Dade County, Florida. The remaining allegations are denied.

4. Defendants deny the allegations in Paragraph No. 4 of the First Amended Complaint.

5. In response to Paragraph No. 5 of the First Amended Complaint, Defendant admits that the Court has jurisdiction over Plaintiff's FLSA claim but deny, insofar as Paragraph No. 5 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff or others similarly situated or that Plaintiff is entitled to any amount of damages from Defendants.

## COUNT I
## FEDERAL OVERTIME WAGE VIOLATION

6. In response to Paragraph No. 6 of the First Amended Complaint, Defendants admit that the Court has jurisdiction over Plaintiff's FLSA claim but deny, insofar as Paragraph No. 6 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff or others similarly situated or that Plaintiff is entitled to any amount of damages from Defendants.

7. In response to Paragraph No. 7 of the First Amended Complaint, Defendants admit that the Court has jurisdiction over Plaintiff's FLSA claim but deny, insofar as Paragraph No. 7 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiff or others similarly situated or that Plaintiff is entitled to any amount of damages from Defendants.

8. In response to Paragraph No. 8 of the First Amended Complaint, Defendants state that this Paragraph contains a statement of law to which no response is required.

9. Defendant East Ridge admits that it employed Plaintiff for a period of time. The remaining allegations in Paragraph No. 9 of the First Amended Complaint are denied by Defendants.

10. Defendants deny the allegations in Paragraph No. 10 of the First Amended Complaint.

11. Defendants deny the allegations in Paragraph No. 11 of the First Amended Complaint.

12. Defendants deny the allegations in Paragraph No. 12 of the First Amended Complaint.

13. Defendants deny the allegations in Paragraph No. 13 of the First Amended Complaint.

14. Defendants deny the allegations in Paragraph No. 14 of the First Amended Complaint.

15. Defendants deny the allegations in Paragraph No. 15 of the First Amended Complaint.

16. Defendants deny the allegations in Paragraph No. 16 of the First Amended Complaint, and further deny the request for relief in the Wherefore Clause immediately following Paragraph No. 16.

**COUNT II**
**RETALIATION UNDER 29 USC 215(a)(3)**

Defendants incorporate and re-allege their answers to Paragraphs 1 through 16 above as if fully set forth herein.

17. In response to Paragraph No. 17 of the First Amended Complaint, Defendants admit that, based on the Court record, the initial Complaint was filed on August 12, 2016. The Paragraph is denied insofar as it alleges or implies that Defendants violated any law, acted in any improper manner toward Plaintiff or others similarly situated or that Plaintiff is entitled to any amount of damages from Defendants.

18. Defendants deny the allegations in Paragraph No. 18 of the First Amended Complaint.

19. Defendants deny the allegations in Paragraph No. 19 of the First Amended Complaint.

20. Defendants deny the allegations in Paragraph No. 20 of the First Amended Complaint.

21. Defendants deny the allegations in Paragraph No. 21 of the First Amended Complaint, and further deny the request for relief in the Wherefore Clause immediately following Paragraph No. 21.

22. Defendants specifically deny each and every allegation in the First Amended Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's FLSA claim is barred under a good faith extension of the *Farragher/Ellerth* defense and/or the FLSA's safe harbor provision in that Defendants acted in good faith and had a policy requiring Plaintiff to report any unpaid wages or overtime; Plaintiff unreasonably failed to take advantage of this policy and failed to notify Defendants that he felt he was owed unpaid overtime.

### Second Affirmative Defense

Plaintiff is barred from the relief Plaintiff seeks by virtue of the following:
A. The doctrine of estoppel.
B. The doctrine of waiver.
C. The improper actions of Plaintiff in failing to comply with East Ridge's policies and the directives of his superiors.

In more detail, if the facts reveal that Plaintiff engaged in efforts to alter his time records or the time records of others, intentionally furnished false data to Defendants regarding his work activities or time worked, intentionally understated his time worked, failed to report time worked during his employment, or in any other way violated the established policies of Defendant East Ridge with regard to employment or timekeeping practices (especially given Plaintiff's role while working for East Ridge), Plaintiff should be estopped from recovering on any claim related to such violation of policy or from asserting a claim for liquidated damages.

For the same reason, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Third Affirmative Defense

Plaintiff has a duty to mitigate alleged losses, (assuming any entitlement to recovery) and, on information and belief, Plaintiff has not satisfied that mitigation duty so his damages should be barred or limited. Defendants assert that Plaintiff's interim earnings or amounts he could have earned with reasonable diligence should reduce any back pay otherwise recoverable by Plaintiff. In addition, such sums may also set-off and reduce other claims for damages alleged by Plaintiff.

### Fourth Affirmative Defense

Defendants are relieved of any liability to Plaintiff due to Defendants' good faith conformance and reliance on a written order, ruling, approval or interpretation by the Administrator of the Wage/Hour Division, Department of Labor.

### Fifth Affirmative Defense

Plaintiff is not entitled to recover liquidated damages, costs, or attorney's fees because Defendants acted in good faith and at no time during his employment or thereafter until the filing

of this lawsuit did Plaintiff ever allege or bring to Defendant's attention the fact that Plaintiff felt he was owed any overtime pay.

**Sixth Affirmative Defense**

Any recovery by Plaintiff and/or Plaintiff's damages, if any, must be offset by (1) any amounts Defendant East Ridge paid Plaintiff for hours which were not actually worked by Plaintiff; (2) any other overpayments made by Defendant East Ridge to Plaintiff; and (3) any amounts or benefits paid to Plaintiff for lost wages, compensatory damages or fees from any other source.

**Seventh Affirmative Defense**

To the extent Plaintiff was entitled to overtime and was not paid, such overtime worked by Plaintiff beyond his compensated workweek was *de minimis*.

**Eighth Affirmative Defense**

Plaintiff's claims are barred and/or limited as Plaintiff was exempt from the overtime provisions of the FLSA. Assuming *arguendo* Plaintiff was not exempt, Plaintiff is only entitled to overtime at the half-pay rate, as Plaintiff was paid for all hours worked.

**Ninth Affirmative Defense**

Plaintiff's claim is barred, in whole or in part, on the basis that, in the event Defendant violated the FLSA, Defendants' actions and/or the actions of its agents or employees were taken in good faith and were neither willful nor reckless.

**Tenth Affirmative Defense**

Plaintiff's claim of retaliation, and/or his recovery of damages, are/is barred because Defendants exercised reasonable care to prevent and correct promptly any alleged retaliatory behavior, and/or Plaintiff unreasonably failed to take advantage of Defendants' preventive or

corrective opportunities or to otherwise avoid harm. Defendants further assert that, at all material times hereto, Defendants had reasonable mechanisms in place to prevent and cure any retaliatory practices and, to the extent Plaintiff complained of any alleged retaliatory conduct, Defendants took prompt remedial action.

### Eleventh Affirmative Defense

Plaintiff's claims are barred to the extent that discovery shows he engaged in misconduct prior to, during, or in connection with his employment, that otherwise would have resulted in his discharge if such conduct were then known to Defendant.

### Twelfth Affirmative Defense

Plaintiff has failed to exhaust all administrative prerequisites and remedies to commencing this action.

### Thirteenth Affirmative Defense

Plaintiff's claims and/or damages are barred on the grounds that even if any decision concerning Plaintiff was based, in part, on grounds of unlawful retaliation, Defendant would have reached the same decision, absent any alleged retaliation.

Defendants reserve the right to raise additional defenses as discovery may reveal.

WHEREFORE, Defendants respectfully requests that this Court: (i) Enter judgment in their favor and against Plaintiff; (ii) Award Defendants the cost of suit herein; (iii) Award Defendants reasonable attorney's fees as may be determined by the Court; and (iv) Grant such other and further relief as this Court may deem just and proper.

CASE NO.: 16-CV-23481-RNS

Respectfully submitted,

/s/ Mendy Halberstam
Pedro P. Forment, Esq.
Florida Bar No. 61026
Email: pedro.forment@jacksonlewis.com
Mendy Halberstam, Esq.
Florida Bar No.: 68999
E-mail: halbersm@jacksonlewis.com
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7604
Facsimile:  (305) 373-4466

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 26, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

s/ Mendy Halberstam
Mendy Halberstam, Esq.

## SERVICE LIST

**United States District Court for the Southern District of Florida**
*Rodolfo Silva v. East Ridge Retirement Village, Inc., et al.*

**Case No. 16-CV-23481-RNS**

| | |
|---|---|
| J.H. Zidell, Esq.<br>Florida Bar No.0010121<br>E-mail: zabogado@aol.com<br>J.H. Zidell, P.A.<br>300 71st Street, Suite 605<br>Miami Beach, FL 33141<br>Telephone: (305) 865-6766<br>Facsimile: (305) 865-7167<br><br>*Attorneys for Plaintiff* | Pedro P. Forment, Esq.<br>Florida Bar No. 61026<br>E-mail: pedro.forment@jacksonlewis.com<br>Mendy Halberstam, Esq.<br>Florida Bar No. 68999<br>E-mail: mendy.halberstam@jacksonlewis.com<br>JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>2 South Biscayne Boulevard<br>Miami, FL 33131<br>Telephone: 305-577-7600<br>Facsimile: 305-373-4466<br><br>*Attorneys for Defendants* |

4821-0599-7880, v. 1